UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MAGGIE BAKER,

                               Plaintiff,

v.                                                          Case # 16-CV-613-FPG

                                                                 DECISION AND ORDER

GOLDBERG SEGALLA LLP,

                               Defendant.
_____

## INTRODUCTION

Plaintiff Maggie Baker ("Plaintiff") brings this case against her former employer, Goldberg Segalla LLP ("Goldberg Segalla"), alleging violations of the Family Medical Leave Act of 1993 ("FMLA"). ECF No. 1.

Presently before the Court is a motion to dismiss filed by Goldberg Segalla pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 5. United States Magistrate Judge Hugh B. Scott[1] issued a Report and Recommendation ("R&R") in which he recommends that Goldberg Segalla's motion be denied. ECF No. 11. Goldberg Segalla then filed objections to the R&R. ECF No. 12. For the reasons stated below, the Court declines to adopt the R&R. Goldberg Segalla's motion to dismiss is granted and Plaintiff's complaint is dismissed without prejudice.

---

[1] This case was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). ECF No. 8.

## BACKGROUND[2]

Goldberg Segalla is a law firm located in Buffalo, New York. Employees at Goldberg Segalla receive benefits including FMLA leave, Short-Term Disabiliy leave, and Long-Term Disability leave.

On September 23, 2013, after working as a legal assistant at Goldberg Segalla for twelve years, Plaintiff became seriously ill and unable to work. She notified Goldberg Segalla of her illness and "asked for leave." Plaintiff was "subsequently" granted FMLA leave. Plaintiff does not indicate when she was granted FMLA leave, when that leave began, the amount of leave she was granted, or whether she also asked for (or received) Short-Term Disability leave, Long-Term Disability leave, or any other type of leave.

Sometime after she was granted FMLA leave, Plaintiff was diagnosed with methicillin-resistant staphylococcus aureus (a so-called superbug, also known as "MRSA"). Plaintiff went to the hospital for treatment and surgery "for a period of months," which was followed by ongoing doctor appointments. While she received treatment, Plaintiff was out of work but was "in contact" with Goldberg Segalla and "continued to update [Goldberg Segalla] as to her medical status." In January 2014, while Plaintiff was still absent from work, she received a letter from Goldberg Segalla stating that she had received a pay raise.

Plaintiff eventually recovered from her illness. Sometime during the week of July 14, 2014, Plaintiff "informed" Goldberg Segalla "that she would return to work on August 1, 2014."

On July 29, 2014, Plaintiff received a phone call from Human Resources Administrator Jennifer Majewski. Also on July 29, 2014, (1) "Defendant stated that Plaintiff was terminated"; (2) "Defendant" informed Plaintiff that her FMLA leave had expired sometime in December; and (3) Plaintiff was told by "Defendant" that "Defendant's representative did not know

---

[2] The following allegations are taken from Plaintiff's complaint (ECF No. 1) and are accepted as true for the purpose of evaluating Goldberg Segalla's motion to dismiss.

Plaintiff's FMLA was terminated until the day immediately prior to this call" and that "she was made aware of the expiration of Plaintiff's FMLA leave by the Defendant's facilitation committee."[3]  This was the first time Plaintiff was informed that her FMLA leave had expired.

## LEGAL STANDARDS

### I. Motions to Dismiss Under Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In reviewing a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007), and "draw all reasonable inferences in Plaintiff's favor." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### II. Report and Recommendation

The Court must conduct a *de novo* review as to those portions of the R&R to which objections have been made.  *See* 28 U.S.C. § 636(b)(1)(C).  In doing so, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."

---

[3]   It is unclear whether "Defendant's representative" refers to Majewski.  Given that "Defendant" is a legal entity, it is also unclear whether Plaintiff received some or all of this information from Majewski over the phone or from some other source on that same day.

3

*Id.* As part of its review in this case, the Court has considered all of the parties' submissions to date.

## DISCUSSION

As relevant here, the FMLA gives eligible employees the right to take up to twelve work weeks per year of unpaid leave due to "a serious health condition that makes the employee unable to perform the functions of [her] position." 29 U.S.C. § 2612(a)(1)(D). At the end of that period, the employee is entitled to return to either the position she held before taking leave or to an equivalent position. *Id.* § 2614(1). However, the right to reinstatement is not absolute. If the employee is unable to perform an essential function of her position, then that employee has no right to reinstatement. *Esser v. Rainbow Advert. Sales Corp.*, 448 F. Supp. 2d 574, 580 (S.D.N.Y. 2006) (citing *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 161 (2d Cir. 1999)); *see also* 29 C.F.R. § 825.214(b) ("If the employee is unable to perform an essential function of the position because of a physical or mental condition, including the continuation of a serious health condition, the employee has no right to restoration to another position under the FMLA.").

The FMLA makes it unlawful for any employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1). Claims under § 2615(a)(1) are commonly separated into two categories: "interference" and "retaliation." *See, e.g.*, *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 424-430 (2d Cir. 2016). The Court will discuss Plaintiff's interference and retaliation claims[4] in turn.

---

[4] Plaintiff labels her two causes of action "discrimination" and "retaliation." ECF No. 1, at 3-4. In addition to the prohibition on interfering with an employee's rights under the FMLA, the FMLA also makes it unlawful to "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(2). But because Plaintiff does not allege that she "opposed" any practice made unlawful by the FMLA, she does not state a claim under § 2615(a)(2). Therefore, the Court construes her first claim as one for interference under § 2615(a)(1). Her second claim, retaliation, is also premised on § 2615(a)(1). *See Potenza v. City of N.Y.*, 365 F.3d 165, 167 (2d Cir. 2004).

## I. Interference

To state a claim for interference under the FMLA, a plaintiff must adequately allege that: (1) she is an eligible employee under the FMLA; (2) the defendant is an employer as defined by the FMLA; (3) she was entitled to take leave under the FMLA; (4) she gave notice to the defendant of her intention to take leave; and (5) she was denied benefits to which she was entitled under the FMLA. *Graziadio*, 817 F.3d at 424; *Smith v. Westchester Cty.*, 769 F. Supp. 2d 448, 465 (S.D.N.Y. 2011).

Here, Plaintiff's interference claim fails because she has not alleged that she was denied benefits to which she was entitled under the FMLA. More specifically, Plaintiff does not allege that she was ready, willing, and able to return to work at the time she exhausted the twelve weeks of leave to which she was entitled under the FMLA. On the contrary, Plaintiff states that she fell ill on September 23, 2013 and did not notify Goldberg Segalla of her ability to return to work until the week of July 14, 2014. Even then, Plaintiff stated that she would return to work on August 1, 2014. The time between September 23, 2013 and August 1, 2014 consists of 45 weeks, well in excess of the twelve weeks guaranteed by the FMLA.[5] Although she vaguely alleges that she was "in contact" with Goldberg Segalla during her absence and "continued to update [Goldberg Segalla] as to her medical status," Plaintiff does not provide any detail regarding her ability to work during that period or Goldberg Segalla's reaction to her continued absence.

Plaintiff asserts that Goldberg Segalla denied her benefits when it "failed to notify Plaintiff that her FMLA leave had expired and by terminating Plaintiff." ECF No. 1, at ¶ 28.

---

[5] It is unclear whether Plaintiff is alleging that her FMLA leave actually expired; given that she does not indicate when her FMLA leave began or whether she was granted other forms of leave that ran consecutively to her FMLA leave, it is at least conceivable that Plaintiff had not exhausted her FMLA leave when she was fired. But the vague allegations in Plaintiff's complaint are not sufficient to put Goldberg Segalla on notice that such is the case. *See B.V. Optische Industrie De Oude Delft v. Hologic, Inc.*, 909 F. Supp. 162, 173 n.9 (S.D.N.Y. 1995) ("[T]he Court's speculation is no substitute for the pleading required to withstand a motion to dismiss.").

But employees have no right to reinstatement under the FMLA if they are unable to perform the essential functions of their position at the time their leave expires. 29 C.F.R. § 825.214(b); *Sarno*, 183 F.3d at 161. And although Plaintiff is correct that employers are required to provide notice to employees regarding their rights under the FMLA, *see* 29 U.S.C. § 2619; 29 C.F.R. § 825.300, the failure to provide such notice does not give rise to liability unless the employee can show that he or she was prejudiced by the lack of notice. *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 90 (2002). As the Second Circuit explained in *Sarno*:

> The Act makes it unlawful for the employer to impede an employee's actual or attempted "exercise" of a right provided under subchapter I. A right to receive notice is not a right that the intended recipient of the notice "exercise[s]." We decline to interpret the FMLA as giving an employee a right to sue the employer for failing to give notice of the terms of the Act where the lack of notice had no effect on the employee's exercise of or attempt to exercise any substantive right conferred by the Act.

*Sarno*, 183 F.3d at 162. Because Plaintiff has not alleged that she was prejudiced by any lack of notice, she fails to state a claim for interference under the FMLA. *Id.*; *Vangas v. Montefiore Med. Ctr.*, 925 F. Supp. 2d 574, 579 (S.D.N.Y. 2013) ("Because Mrs. Vangas pleads no facts to indicate that she could have returned to work at the end of her FMLA leave either because she was well enough to return or because she could have scheduled her FMLA leave better if she had had more notice, any lack of notice did not interfere with Mrs. Vangas' FMLA rights. Without an injury there is no claim."); *see also Geromanos v. Columbia Univ.*, 322 F. Supp. 2d 420, 430-31 (S.D.N.Y. 2004); *Vosburgh v. Am. Nat. Red Cross*, No. 5:08CV00653, 2009 WL 3644196, at *7 (N.D.N.Y. Oct. 27, 2009).

## II. Retaliation

To state a claim for retaliation under the FMLA, a plaintiff must adequately allege that (1) she exercised rights protected under the FMLA; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under

6

circumstances giving rise to an inference of retaliatory intent. *Graziadio*, 817 F.3d at 429; *Smith*, 769 F. Supp. 2d at 469.

Plaintiff's retaliation claim fails because she does not allege that she exercised rights protected under the FMLA.  To be sure, Plaintiff does allege that she requested leave due to a serious health condition, and she was entitled to that leave under the FMLA.  But Plaintiff also alleges that Goldberg Segalla *granted* her FMLA leave request and even gave her a raise while she was still out of work.  ECF No. 1, at ¶¶ 10, 13.  Although Plaintiff's complaint does not indicate when Goldberg Segalla granted her leave request, the circumstances surrounding Plaintiff's termination (which occurred ten months after Plaintiff notified Goldberg Segalla about her illness and asked for leave) do not support the inference that Goldberg Segalla fired her because she asked for FMLA leave.

Thus, Plaintiff's complaint can only reasonably be read to allege that she was retaliated against for requesting reinstatement in July 2014.  On July 29, 2014—two weeks after she told Goldberg Segalla of her plan to return to work and only a few days before her chosen return date—Plaintiff alleges that she was fired, told for the first time that her FMLA leave had expired, and told that "Defendant's representative" did not know until the day before that Plaintiff's leave had expired.  To show that Goldberg Segalla retaliated against her for exercising or attempting to exercise her rights under the FMLA, Plaintiff must plausibly allege that she actually did exercise or attempt to exercise *such rights*—as opposed to rights that are *not* granted by the FMLA.  If Plaintiff was exercising a right *protected by the FMLA* when she requested reinstatement, then the circumstances of her termination might give rise to an inference of retaliatory intent.  But reinstatement after a 45-week leave of absence is not a right protected by the FMLA.  As explained above, Plaintiff's complaint gives no indication that she was entitled, under the FMLA, to reinstatement on August 1, 2014.  On the contrary, Plaintiff's complaint suggests that

7

she had exhausted her FMLA leave well before she recovered from her illness. Therefore, Plaintiff fails to state a claim for retaliation.

## CONCLUSION

For the reasons stated above, the Court declines to adopt the Magistrate Judge's Report and Recommendation (ECF No. 11). Goldberg Segalla's motion to dismiss (ECF No. 5) is GRANTED. Plaintiff's complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: April 4, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court